Judge Ronald B. Leighton

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| **STEPHANIE WILSON**, | Case 3:12-cv-05209-RBL |
| Plaintiff, | PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM |
| vs. | |
| **DISCOVER BANK,** | NOTE ON MOTION CALENDAR: May 4, 2012 |
| Defendant. | |

## I. INTRODUCTION.

This court does not have original jurisdiction over Discover's counterclaim. While it may exercise supplemental jurisdiction over the same, it should decline to do so. Discover's counterclaim and Ms. Wilson's TCPA action neither arise from the same set of operative facts, nor out of the same controversy. Discover's counterclaim will likely predominate over Ms. Wilson's TCPA action. And, Discover's counterclaim is not compulsory, but rather permissive.

Noteworthy, federal district courts spanning the country typically decline to exercise jurisdiction over counterclaims relating to underlying debts, in actions filed under federal consumer protection statutes. In doing so, they often note that counterclaims to collect an underlying debt do not involve the same controversy, the same evidence, or the same law and policy as actions filed under respective federal consumer protection statutes. Courts also

Plaintiff's Motion to Dismiss Defendant's Counterclaim - 1
Case No. 3:12−cv−05209−RBL

WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
888-595-9111 ext 412
dkurz@AttorneysForConsumers.com

frequently note that exercising supplemental jurisdiction over counterclaims to collect an underlying debt impedes the expeditious enforcement of the policies giving rise to the federal consumer protection statutes under which the respective original actions are filed.

## II.  STATEMENT OF PROCEDURE.

On or about June 23, 2011, Discover served Ms. Wilson with its unfiled Complaint for Monies Due ("state court debt collection complaint"), through which it sought to collect from Ms. Wilson an obligation that she allegedly owed Discover:

> The defendants entered into a revolving credit agreement with plaintiff. Defendants agreed to make regular monthly payments.  As a result of the terms of the agreement, the defendants are indebted to the plaintiff in the principal sum of $4,034.34.  Defendants also agreed to pay attorney's fees and costs in the event legal action is necessary to collect the unpaid balance.
>
> Although demand has repeatedly been made upon the defendants, no payments have been made as agreed, and defendants are now in default under the terms and conditions of the agreement.

Exhibit A.

On August 3, 2011, Ms. Wilson demanded of Discover that it file its state court debt collection complaint in the Superior Court of the State of Washington for Clallam County:

> Please be advised that this office represents Stephanie M. Wilson in the above referenced matter.  Ms. Wilson was served with the enclosed Summons and Complaint on July 5th, 2011.  We hereby request that your office file said complaint and have it properly served so that we may file our responsive pleading.

Exhibit B.

Discover did not file its state court debt collection complaint.

On January 12, 2012, Ms. Wilson filed, against Discover, her Complaint for Violation of the Federal Telephone Consumer Protection Act ("TCPA complaint").  Document 1 at 14-16. Through her TCPA complaint Ms. Wilson alleged that Discover violated the TCPA by using an

Plaintiff's Motion to Dismiss Defendant's Counterclaim - 2
Case No. 3:12−cv−05209−RBL

WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
888-595-9111 ext 412
dkurz@AttorneysForConsumers.com

automatic telephone dialing system to place non-emergency calls to her cellular telephone number, absent prior express consent to do so:

> Defendant, after having received written notice from Plaintiff dated February 22, 2010 in which Plaintiff revoked any express permission to contact her on her cellular phone, placed numerous non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system. (47 U.S.C. 227(b)(1)(A)(iii)).

*Id.* at 15.

On March 9, 2012, Discover removed Ms. Wilson's TCPA complaint to this Court. *Id.* at 1 ("NOTICE IS HERBY GIVEN, pursuant to 28 U.S.C. § 1331, 1441 and 1446, that defendant Discover Bank filed a Notice of Removal, Declaration of Erin M. Wilson in Support of Notice of Removal, and Notice to Plaintiff of Removal, copies of which are attached to this Notice, for removal of the above-entitled action to the United States District Court for the Western District of Washington at Tacoma.").

On March 22, 2012, Discover filed its answer to Ms. Wilson's TCPA complaint, as well as its counterclaim for breach of contract. Document 9. Through its counterclaim, Discover alleges:

> Wilson applied for a credit card with Discover in October of 2008. She subsequently entered into a Card Member Agreement with Discover in or around late October 2008.
>
> The Card Member Agreement was amended in May of 2009 and again in January of 2010. The Card Member Agreement, as amended, is referred to herein as the "CMA." Wilson is bound by the terms of the CMA.
>
> Pursuant to the CMA, Wilson agreed to pay for all purchases, cash advances and balance transfers including applicable finance charges and other charges or fees incurred.
>
> Wilson defaulted on the CMA by failing to pay on her account as required by the CMA. Wilson failed to pay $4,034.34 that is due and owing
Plaintiff's Motion to Dismiss Defendant's Counterclaim - 3  
Case No. 3:12−cv−05209−RBL

WEISBERG & MEYERS, LLC  
5025 N. Central Ave. #602  
Phoenix, AZ 85012  
888-595-9111 ext 412  
dkurz@AttorneysForConsumers.com

>Discover. Therefore, Wilson's breach of the CMA caused Discover to incur $4,034.34 in damages.
>
>Pursuant to the CMA, Discover is entitled to recover its reasonable attorneys' fees and court costs incurred in connection with its claim against Wilson.

Document 9 at 4-5.

### III. THIS COURT DOES NOT HAVE ORIGINAL JURISDICTION OVER DISCOVER'S COUNTERCLAIM.

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Federal courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treatises of the United States," 28 U.S.C. § 1331, and in all civil actions where complete diversity of citizenship exists and the amount in controversy exceeds $75,000. *Id.* § 1332. Discover's counterclaim neither arises under the Constitution, laws, or treatises of the United States, nor does the amount in controversy exceed $75,000. Document 9 at 4-5. Therefore, this Court does not have original jurisdiction over Discover's counterclaim.

### IV. THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER DISCOVER'S COUNTERCLAIM.

Federal courts may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* § 1367(c).

Plaintiff's Motion to Dismiss Defendant's Counterclaim - 4  
Case No. 3:12−cv−05209−RBL

WEISBERG & MEYERS, LLC  
5025 N. Central Ave. #602  
Phoenix, AZ 85012  
888-595-9111 ext 412  
dkurz@AttorneysForConsumers.com

**A.  Defendant's Counterclaim And Ms. Wilson's TCPA Action Do Not Arise From The Same Set Of Operative Facts.**

Discover's counterclaim is based upon Ms. Wilson's alleged indebtedness to Discover. Document 9 at 3-7.  Through its counterclaim, Discover alleges:

> Wilson applied for a credit card with Discover in October of 2008.  She subsequently entered into a Card Member Agreement with Discover in or around late October 2008.
>
> The Card Member Agreement was amended in May of 2009 and again in January of 2010.  The Card Member Agreement, as amended, is referred to herein as the "CMA."  Wilson is bound by the terms of the CMA.
>
> Pursuant to the CMA, Wilson agreed to pay for all purchases, cash advances and balance transfers including applicable finance charges and other charges or fees incurred.
>
> Wilson defaulted on the CMA by failing to pay on her account as required by the CMA.  Wilson failed to pay $4,034.34 that is due and owing Discover.  Therefore, Wilson's breach of the CMA caused Discover to incur $4,034.34 in damages.
>
> Pursuant to the CMA, Discover is entitled to recover its reasonable attorneys' fees and court costs incurred in connection with its claim against Wilson.

Document 9 at 4-5.

Ms. Wilson's TCPA action is based on Discover's violations of statutory prohibitions imposed by a federal statute that places restrictions on the using of automatic telephone dialing systems.  Document 1 at 14-16. Through her TCPA action, Ms. Wilson alleges:

> Defendant, after having received written notice from Plaintiff dated February 22, 2010 in which Plaintiff revoked any express permission to contact her on her cellular phone, placed numerous non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system. (47 U.S.C. 227(b)(1)(A)(iii)).

*Id.* at 15.

Plaintiff's Motion to Dismiss Defendant's Counterclaim - 5
Case No. 3:12−cv−05209−RBL

WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
888-595-9111 ext 412
dkurz@AttorneysForConsumers.com

While Discover's counterclaim and Ms. Wilson's TCPA action touch upon one another—*i.e.* Discover placed the telephone calls about which Ms. Wilson complains in an effort to collect from her the obligation allegedly due—the two claims bear no logical relation to one another. Mere overlap of tangential issues raised in both Discover's counterclaim and Ms. Wilson's TCPA action does not mean that two arise from the same transaction or occurrence.

**B.     Discover's Counterclaim And Ms. Wilson's TCPA Action Do Not Arise Out Of The Same Controversy.**

Discover's counterclaim is for breach of contract. Document 9 at 3-7. It appears to be based on Washington state law. *Id*. Ms. Wilson's TCPA action is based on Discover's violations of statutory prohibitions imposed by a federal statute designed to protect the privacy interests of residential and cellular telephone subscribers by placing restrictions on automated telephone calls. Document 1 at 14-16; *see* Senate Report 102-177, 102nd Congress, First Session, reprinted in 1991 U.S.C.C.A.N. 1968.

**C.     Discover's Counterclaim Will Likely Substantially Predominate Over Ms. Wilson's TCPA Action.**

Discover's counterclaim invokes recourse for a private duty under state law and requires a broad proof of facts establishing the existence and performance of a contract, the validity of the contract's provisions, a breach of the contract by Ms. Wilson, and monetary damages resulting from the breach. *See Leatherwood v. Universal Bus. Serv. Co.*, 115 F.R.D. 48, 49-50 (W.D.N.Y. 1987). Discover, as the party on whom the burden of proof rests with regard to its counterclaim, must demonstrate, at the most basic level, the sufficiency of its evidence, standing to collect the alleged debt, specificity of a cause of action pursuant to which Discover may properly seek to collect the alleged debt, and the lack of a valid defense precluding its debt collection efforts. Potential defenses relating to Discover's debt collection counterclaim include, but are not limited

Plaintiff's Motion to Dismiss Defendant's Counterclaim - 6
Case No. 3:12−cv−05209−RBL

WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
888-595-9111 ext 412
dkurz@AttorneysForConsumers.com

to, settlement or discharge of the alleged debt, mistake as to the identity of the proper debtor, statutes of limitations, legal invalidity of the alleged debt, incapacity or legal incompetence, and lack of proof as to commercial reasonableness.  Also significant, this Court must consider the potential for necessary review of post-judgment actions ancillary to Discover's debt collection efforts, such as wage garnishment and the like.  Finally, Discover's cardmember agreement purportedly allows it to recover reasonable attorneys' fees and court costs incurred in connection with its counterclaim.  *See* Document 9 at 4-5.  The TCPA, however, does not contain a fee-shifting provision.  Accordingly, if this Court exercises supplemental jurisdiction over Discover's counterclaim, it will necessarily be forced to review and rule on fee issues that otherwise would not be present in this case.

Adjudication of Discover's counterclaim may very well be considerably more time consuming than the adjudication of Ms. Wilson's straightforward claims under the TCPA. Discover's counterclaim will likely predominate over Ms. Wilson's TCPA action—over which this Court maintains original jurisdiction.  The same would inevitably divert time from litigants in other cases patiently waiting in the queue for the limited time of this Court.

**D.   Discover's Counterclaim Is Not Compulsory, But Rather Permissive.**

All counterclaims that are not compulsory are "permissive."  Permissive counterclaims are claims that do "not aris[e] out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(b).  In determining if the counterclaim is compulsory, the Ninth Circuit applies a "logical relationship test," where a court "analyze[s] whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of Amer.,* 827 F. 2d 1246, 1249 (9th Cir. 1987).  Discover's counterclaim—

Plaintiff's Motion to Dismiss Defendant's Counterclaim - 7
Case No. 3:12−cv−05209−RBL

WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
888-595-9111 ext 412
dkurz@AttorneysForConsumers.com

filed as a breach of contract action to recover money that Ms. Wilson allegedly owes Discover—is not "logically related" to Ms. Wilson's cause of action under the TCPA. *See supra*, Section IV.A-B.

Analogous, federal district courts have held that "breach of contract counterclaims for the underlying debt are not 'logically connected' to [] unfair-collection-practices claim[s] [under the Federal Fair Debt Collection Practices Act], despite that they both relate to the same debt." *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063 (E.D. Cal. 2005) (citing *Leatherwood*, 115 F.R.D. 48); *Hart v. Clayton-Parker & Assoc., Inc.,* 869 F. Supp. 774 (D. Ariz. 1994); *Taylor v. Bryant, Inc.*, 275 F. Supp. 2d 1305 (D. Nev. 2003)). Quite significant, explaining that the defendant's counterclaim to collect a debt and the plaintiff's action under the FDCPA—two claims more closely tied together than a counterclaim to collect a debt and an action under the TCPA—are sufficiently distinct so as not to meet the "logical relationship test," the Western District of New York stated:

> The [FDCPA claim] relates to the application of the FDCPA and focuses on a narrow realm of facts concerning the use of abusive, deceptive and/or unfair debt collection practices by the defendants. On the other hand, [the defendant's] counterclaim encompasses a private duty under state law and requires a broad proof of facts establishing the existence and performance of a contract, the validity of the contract's provisions, a breach of the contract by the plaintiff and monetary damages resulting from the breach. The claim and counterclaim are, of course, "offshoots" of the same basic transaction, but they do not represent the same basic controversy between the parties.
>
> *   *   *
>
> [T]he FDCPA claim involves the enforcement of federal policy and federal statutory law concerning a debt collector's conduct in collecting a debt. This claim does not concern any obligations created by the underlying debt. In contrast, the counterclaim alleges that the plaintiff has defaulted on a private contract governed by state law.

*Leatherwood*, 115 F.R.D. at 49-50.

Plaintiff's Motion to Dismiss Defendant's Counterclaim - 8
Case No. 3:12−cv−05209−RBL

WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
888-595-9111 ext 412
dkurz@AttorneysForConsumers.com

Accordingly, Discover's counterclaim is not compulsory, but rather permissive.

**E.   In A Related Context, Federal District Courts Consistently Decline To Exercise Supplemental Jurisdiction Over Counterclaims Relating To Underlying Debts, In Actions Filed Under The FDCPA.**

Generally, district courts find not only that counterclaims to collect an underlying debt do not involve the same controversy, the same evidence, or the same federal law and policy as FDCPA actions, but that refusal to decline supplemental jurisdiction over such counterclaims would impede the expeditious enforcement of the policies giving rise to enactment of the FDCPA and would have a chilling effect on the exercise of consumers' rights under the FDCPA. *See Campos v. W. Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1170 (N.D. Cal 2005) (declining to exercise its discretion to hear counterclaim on contract and noting that refusal to dismiss collection counterclaim would chill consumers' rights under the FDCPA); *Sparrow v. Mazda Am. Credit,* 385 F. Supp. 2d 1063, 1071 (E.D. Cal. 2005) (finding the district court maintained supplemental jurisdiction over the debt collector's counterclaims for the underlying debt, but refusing to exercise supplemental jurisdiction because of the chilling effect that it would have on consumers' rights to pursue a remedy under the FDCPA); *see also Cabrera v. Courtesy Auto, Inc.*, 192 F. Supp. 2d 1012, 1020 (D. Neb. 2002) (dismissing counterclaim and noting by analogy to a case filed pursuant to the FDCPA that a counterclaim for the underlying debt in a Truth in Lending Act action was permissive and not compulsory).

WHEREFORE, Plaintiff respectfully requests that this Court dismiss Discover's counterclaim.

Respectfully submitted this 11th day of April, 2012.

s/Dennis Kurz
Dennis Kurz
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602

Plaintiff's Motion to Dismiss Defendant's Counterclaim - 9
Case No. 3:12−cv−05209−RBL

WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
888-595-9111 ext 412
dkurz@AttorneysForConsumers.com

Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@attorneysforconsumers.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 11, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System.

s/Dennis Kurz
Dennis Kurz

Plaintiff's Motion to Dismiss Defendant's Counterclaim - 10
Case No. 3:12−cv−05209−RBL

WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
888-595-9111 ext 412
dkurz@AttorneysForConsumers.com