HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHANIE WILSON, | CASE NO. 3:12-cv-05209-RBL |
| Plaintiff, | ORDER |
| v. | |
| DISCOVER BANK, | |
| Defendant. | [Dkt. #11, 12, 13, 14] |

## I.      INTRODUCTION

Before the Court is Plaintiff Stephanie Wilson's Motion to Dismiss Defendant Discover
Bank's ("Discover") Counterclaim under Rule 12(b)(1) for lack of jurisdiction.  The Court
DENIES Plaintiff's Motion to Dismiss Defendant's Counterclaim.

## II.      FACTUAL BACKGROUND

In October 2008, Ms. Wilson applied for a credit card with Discover and entered into a
Card Member Agreement ("CMA") governing her account.  Def.'s Opp'n Mot. Dismiss at 2
[Dkt. #12].  Under the CMA, Ms. Wilson agreed to pay for all purchases, cash advances, and
balance transfers, including applicable finance charges and other charges or fees incurred.  *Id.*
Ms. Wilson allegedly failed to make payments to Discover, and now owes $4,034.34, plus costs

1   and fees.  *Id.*  Because Ms. Wilson allegedly failed to make payments, Discover called Ms.

2   Wilson on her cellular telephone.  *Id.*

3          The CMA contains a section titled "PRIVACY AND OUR COMMUNICATIONS WITH

4   YOU" that states,

5         We may use any medium, including but not limited to mail, live telephone calls,
      automated telephone equipment, prerecorded telephone calls, e-mail and may make calls

6         to your cell phone to contact you about your Account or offer you products or services
      that may be of value to you. If you prefer not to be contacted in one or more of these

7         ways, telephone us . . . or write to us . . ..

8   Decl. of Grant S. Degginger, Ex. A at 10 [Dkt. #13].

9          On January 12, 2012, Ms. Wilson filed a complaint alleging that Discover violated the

10  Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by calling her multiple times in

11  non-emergency situations.  Compl. at 1-2 [Dkt. #3].  Ms. Wilson alleges that she sent a letter to

12  Discover revoking her consent for Discover to contact her on her cellular telephone.  *Id.* at 2.  On

13  March 9, 2012, Discover removed Ms. Wilson's complaint to this Court.  Notice of Removal

14  [Dkt. #3].  Discover has counterclaimed for breach of contract, alleging that Ms. Wilson

15  defaulted by failing to pay $4,034.34 as required by the CMA.  Answer at 4-5 [Dkt. #9].  On

16  April 11, 2012, Ms. Wilson filed a motion to dismiss Discover's counterclaim.  Pl.'s Mot.

17  Dismiss Def.'s Countercl. [Dkt. #11].

18                  **III.    DISCUSSION**

19         A complaint must be dismissed under Rule 12(b)(1) if, considering the factual allegations

20  in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution,

21  laws, or treaties of the United States, or does not fall within one of the other enumerated

22  categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the

23  meaning of the Constitution; or (3) is not one described by any jurisdictional statute.  *Baker v.*

24

*Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331, 1346.  When considering a Rule 12(b)(1) motion, the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning jurisdiction.  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).  A federal court is presumed to lack subject matter jurisdiction until a plaintiff establishes otherwise.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

**A.  Discover's Counterclaim Is Not Compulsory.**

Here, Discover argues that its counterclaim is compulsory because it will otherwise lose its opportunity to be heard on the breach of contract claim and because the CMA forms the basis for both the counterclaim and Discover's affirmative defense to Ms. Wilson's TCPA claim. Def.'s Opp'n Mot. Dismiss at 5.  Ms. Wilson argues, however, that the counterclaim does not arise from the same transaction or occurrence as her TCPA claim because only a "mere overlap of tangential issues" exists between the two claims.  Pl.'s Mot. Dismiss at 6.  Ms. Wilson relies on cases involving the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, where institutions raised breach of contract counterclaims for collection of debts owed.  *Id.* at 8.  Those cases guide the analysis here.

Under Federal Rule of Civil Procedure 13, counterclaims may be either compulsory or permissive.  Fed. R. Civ. P. 13(a), (b).  A compulsory counterclaim "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim," while a permissive counterclaim is "any claim that is not compulsory."  *Id.*  A counterclaim "arises out of the same transaction or occurrence" as the underlying claim if the counterclaim meets the

1   Ninth Circuit's "logical relationship test." *In re Lazar*, 237 F.3d 967, 979 (9th Cir. 2001).

2   Under this test,

3       [a] logical relationship exists when the counterclaim arises from the same aggregate set
        of operative facts as the initial claim, in that the same operative facts serve as the basis of
4       both claims or the aggregate core of facts upon which the claim rests activates additional
        legal rights otherwise dormant in the defendant

5   *Id.* (citing *Pinkstaff v. United States*, 974 F.2d 113, 115 (9th Cir. 1992)).

6
        The TCPA provides, in relevant part:
7
        [(b)(1)] It shall be unlawful for any person within the United States, or any person outside
8       the United States if the recipient is within the United States--
        (A) to make any call using any automatic telephone dialing system or an artificial or
9       prerecorded voice
        . . .
10      (iii) to any telephone number assigned to a paging service, cellular telephone service . . .
        or any service for which the called party is charged for the call
11
12  47 U.S.C. § 227(b)(1)(A)(iii).  Neither this statute nor the FDCPA require proof that the

13  underlying debt is valid.  *See id.*; 15 U.S.C. § 1692.  Discover argues that the CMA is the

    commonality between the counterclaim and the TCPA claim.  Def.'s Opp'n Mot. Dismiss at 5.
14
    However, the TCPA claim does not require proof that a contract existed nor does it require proof
15
    of other obligations the parties owed.  *See* 47 U.S.C. § 227.  This is only a "loose factual
16
    connection" sufficient for supplemental jurisdiction of a permissive counterclaim, but not
17
    sufficient for a compulsory one.  *See Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 384
18
    (7th Cir. 1996).  Discover's affirmative defense that the messages were permitted under the
19
    TCPA also does not require either party to prove the existence of a contract nor the validity of
20
    the underlying debt.  *See* Answer at 3; Def.'s Opp'n Mot. Dismiss at 9.  Discover's counterclaim
21
    is therefore a permissive one.
22
    //
23

24

**B.  The Court Has Supplemental Jurisdiction over Defendant's Permissive Counterclaim.**

The supplemental jurisdiction statute, 28 U.S.C. § 1367, states, in relevant part:

> [I]n any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

§ 1367(a).  Although the Ninth Circuit has not addressed the issue, other circuits have held that a court may exercise supplemental jurisdiction even in the absence of independent jurisdiction. *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 213 (2nd Cir. 2004).  *See also Channell*, 89 F.3d at 385 ("Now that Congress has codified the supplemental jurisdiction in § 1367(a), courts should use the language of the statute to define the extent of their powers.").  Though unsettled, the scope of § 1367(a) is at least as broad as the pre-§ 1367 "common nucleus of operative fact" test. *Jones*, 358 F.3d at 212 n.5 (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).  The test in *Gibbs* required that state and federal law claims "derive from a common nucleus of operative fact." *Id.*

Here, Discover's counterclaim, although not "arising" from the same "transaction or occurrence" as Ms. Wilson's TCPA claim, nonetheless derives from a "common nucleus of operative fact," in that both claims are related to a single debt allegedly owed by Ms. Wilson to Discover and the existing contractual relationship between them.  Accordingly, this Court can lawfully exercise supplemental jurisdiction over Discover's permissive counterclaim.

**C.  The Court Will Exercise Supplemental Jurisdiction.**

Where supplemental jurisdiction exists, a district court may decline to exercise such jurisdiction.  § 1367(c).  The statute provides four justifications for declining to exercise supplemental jurisdiction:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

§ 1367(c).  Here, Ms. Wilson argues that allowing Discover to seek to collect the underlying debt in a federal action to enforce the TCPA might "impede the expeditious enforcement of the policies giving rise to enactment of the [TCPA] and would have a chilling effect on the exercise of the consumers' rights under the [TCPA]."  Pl.'s Mot. Dismiss at 9 (citing *Campos v. W. Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1170 (N.D. Cal. 2005); *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1071 (E.D. Cal. 2005); *Cabrera v. Courtesy Auto, Inc.*, 192 F. Supp. 2d 1012, 1020 (D. Neb. 2002)).  Discover argues that any hesitation to bring a TCPA claim will not result from allowing this type of counterclaim because, unlike the FDCPA cases, most TCPA cases will not involve such counterclaims.  Def.'s Opp'n Mot. Dismiss at 8.  Indeed, debt collection calls are exempt from the TCPA.  *Id.* at 9 (citing *Meadows v. Franklin Collection Serv., Inc.*, 414 Fed. Appx. 230, 235 (11th Cir. 2011)).

In addition, given the relatively small amount of the alleged debt, $4,034.34 plus costs and fees, it appears unlikely that the Court's exercise of supplemental jurisdiction over Discover's counterclaim against Ms. Wilson would have a "chilling effect" on Ms. Wilson's TCPA claim or on future TCPA claims by other individuals.  Nor would it predominate over Ms. Wilson's TCPA claim, as she argues, because of the small amount of debt owed and the connection to Discover's affirmative defense.  *See* Pl.'s Mot. Dismiss at 7.  Moreover, the exercise of supplemental jurisdiction here will promote the goals of judicial economy and efficiency, as all claims related to the alleged debt incurred by Ms. Wilson will be resolved in a single action.

1

### IV.    CONCLUSION

2          For the reasons stated above, the Court **DENIES** the Motion to Dismiss Discover's

3    Counterclaim [Dkt. #11].

4          Dated this 24th day of May, 2012.

5

6                                          _____

7                                          Ronald B. Leighton
                                           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24